## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>       **Plaintiff,**<br><br>       **v.**<br><br>**PURE EARTH RECYCLING, Inc. (f/k/a Casie Ecology Oil Salvage, Inc. and Mid-Atlantic Recycling Technologies, Inc.),**<br><br>       **Defendant.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges, that until at least August 1, 2009, as follows:

## NATURE OF ACTION

1.      The United States brings this civil action for injunctive relief and the assessment of penalties pursuant to Section 3008 of the Solid Waste Disposal Act, which has been amended by various laws including the Resource Conservation and Recovery Act and the Hazardous and Solid Waste Amendments (hereinafter referred to collectively as "RCRA"), 42 U.S.C. § 6928, against the Defendant for violating the requirements of RCRA and its implementing regulations and/or the federally authorized New Jersey regulations concerning hazardous waste.

## JURISDICTION, VENUE AND AUTHORITY

2.      Jurisdiction is vested in this Court pursuant to Section 3008 of RCRA, 42 U.S.C. § 6928;

and 28 U.S.C. §§ 1331, 1345, and 1355.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a),

RCRA Section 3008, 42 U.S.C. § 6928, because this action arises from violations of RCRA and

its implementing regulations and/or the federally authorized New Jersey regulations concerning

management of hazardous waste in Vineland, New Jersey.

4.      Authority to bring this action is vested in the United States Department of Justice

pursuant to Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), and 28 U.S.C. §§ 516 and 519.

## NOTICE

5.      Notice of the commencement of this action has been given to the New Jersey Department

of Environmental Protection ("NJDEP"), pursuant to Section 3008(a)(2) of RCRA, 42 U.S.C. §

6928(a)(2).

## DEFENDANT AND ITS CORPORATE HISTORY

6.      Defendant Pure Earth Recycling, Inc. ("PER") is a corporation. PER is a "person" within

·the meaning of Section 1004(15) of RCRA, 42 U.S.C. § 6903(15), and 40 C.F.R. § 260.10

(1993), as incorporated by reference by N.J.A.C. 7:26G-4.1(a).

7.      PER is a wholly owned subsidiary of Pure Earth, Inc. ("Pure Earth").  Pure Earth is a

corporation, and is a "person" within the meaning of Section 1004(15) of RCRA, 42 U.S.C. §

6903(15), and 40 C.F.R. § 260.10 (1993), as incorporated by reference by N.J.A.C. 7:26G-4.1(a).

8.      In or about March 2007, Pure Earth acquired all the common stock of two corporations:

Casie Ecology Oil Salvage, Inc. ("Casie") and Mid-Atlantic Recycling Technologies, Inc.

("MART").

2

9.     Casie conducted business at a facility at 3209 N. Mill Road, Vineland, New Jersey ("the Casie Facility") starting in approximately 1982.  Casie was a "person" within the meaning of Section 1004(15) of RCRA, 42 U.S.C. § 6903(15), and 40 C.F.R. § 260.10 (1993), as incorporated by reference by N.J.A.C. 7:26G-4.1(a).

10.    MART conducted business at a facility at 3137 Chammings Court, Vineland, New Jersey ("the MART Facility") starting in approximately 1996.  MART was a "person" within the meaning of Section 1004(15) of RCRA, 42 U.S.C. § 6903(15), and 40 C.F.R. § 260.10 (1993), as incorporated by reference by N.J.A.C. 7:26G-4.1(a).

11.    After their acquisition by Pure Earth, Casie and MART continued operations at the Casie and Mart Facilities, respectively, and also began conducting these operations under the respective names Pure Earth Treatment, Inc. and Pure Earth Recycling, Inc.

12.    In July 2009, MART legally changed its name to PER.

13.    Hereinafter, for all times relevant to this Complaint, the MART Facility will be referred to as the "MART/PER Facility," and all references to "MART/PER" shall mean defendant PER as the owner/operator of the MART/PER Facility.

14.    In July 2009, Casie legally changed its name to Pure Earth Treatment, Inc. ("PET").  In December 2009, PET was merged into PER.  PER is the successor in interest to PET.  PER continues to conduct operations at the Casie Facility.

15.    Hereinafter, for all times relevant to this Complaint, the Casie Facility will be referred to as the "Casie/PER Facility," and all references to "Casie/PER" shall mean defendant PER as the owner/operator of the Casie/PER Facility, and as the successor to the predecessor owner/operator, PET.

3

## STATUTORY AND REGULATORY FRAMEWORK

16.     RCRA, 42 U.S.C. § 6901 *et seq.*, establishes a comprehensive federal regulatory program for the management of hazardous waste  from "cradle to grave" to protect human health and the environment.

17.     The Administrator of EPA, pursuant to Sections 3002(a) and 3004(a) of RCRA, 42 U.S.C. §§ 6922(a) and 6924(a), promulgated regulations setting forth standards for generators and management of hazardous waste.  These regulations are set forth in 40 C.F.R. Parts 260 through 266, 268, and 270.  These provisions, among other requirements, mandate that hazardous waste be properly identified, safely managed at authorized facilities, transported and burned as hazardous waste, and/or otherwise treated, stored or disposed of pursuant to detailed regulatory requirements intended to protect human health and the environment.

18.     Section 3005 of RCRA, 42 U.S.C. § 6925 requires facilities that treat, store or dispose of hazardous waste ("TSD Facilities") to obtain a hazardous waste permit or qualify for interim status.  The regulatory standards for permitted TSD facilities and/or for facilities that came into existence after November 19, 1980 are set forth in 40 C.F.R. Part 264.  Similar regulatory standards for interim status TSD facilities and/or for facilities in existence on or before November 19, 1980 are set forth in 40 C.F.R. Part 265.

19.     Pursuant to Section 3006(b) of RCRA, 42 U.S.C. § 6926(b), the Administrator of EPA may, if certain criteria are met, authorize a state to operate a "hazardous waste management" program in lieu of the federal hazardous waste program.  The State of New Jersey is a "State" as defined by Section 1004(31) of the Act, 42 U.S.C. § 6903(31), and therefore within the meaning of this provision.  New Jersey's hazardous waste regulations are set forth at N.J.A.C. 7:26G.

4

20.     Pursuant to Section 3006, in 1999 EPA authorized the State of New Jersey to conduct a hazardous waste program (the "authorized State Program"). 64 Fed. Reg. 41823 (Aug. 2, 1999). In 2002, EPA authorized New Jersey's regulations incorporating by reference changes to the federal program promulgated by EPA between July 2, 1993 and July 31, 1998. 67 Fed. Reg. 76995 (Dec. 16, 2002). The changes in the authorized State Program became effective February 14, 2003. Until February 14, 2003, the authorized State Program incorporated by reference, with some modifications and limited omissions, the regulations in the federal program at 40 C.F.R. Parts 124, 260-266, 268 and 270 as set forth in the 1993 edition. Authorized provisions of the State Program since February 14, 2003, incorporate by reference, with some modifications and limited omissions, the regulations in the 1998 edition of the same Parts of Title 40 of the C.F.R.

21.     Pursuant to Section 3008 of RCRA, 42 U.S.C. § 6928, the United States may enforce the provisions of a state authorized hazardous waste program by commencing a civil action in United States District Court seeking penalties and injunctive relief.

22.     Pursuant to Section 3008(g) of RCRA, 42 U.S.C. § 6928(g), and the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461 and 40 C.F.R. Part 19, a civil penalty may be assessed per day for each violation not to exceed $32,500 per day for each such violation occurring on or after March 16, 2004 through January 11, 2009; and not to exceed $37,500 per day for each such violation occurring on or after January 12, 2009.

23.     Forty C.F.R. Part 261 (1993), as incorporated by reference by NJAC 7:26G-5.1(a), sets forth the criteria for identifying and listing hazardous waste. Solid wastes which are listed in Subpart D of Part 261 are referred to as listed hazardous wastes.

24.     Pursuant to 40 C.F.R. § 262.11 (1993), as incorporated by reference by N.J.A.C. 7:26G -

6.1(a), persons who generate the solid waste must determine if the solid waste is a hazardous waste.

25.     Pursuant to 40 C.F.R. § 261.3(b)(1) (1993), as incorporated by reference by N.J.A.C. 7:26G-5.1(a), a solid waste listed under Subpart D becomes a hazardous waste when the waste first meets the listing criteria.

26.     Pursuant to 40 C.F.R. § 261.3(c)(1) (1993), as incorporated by reference by N.J.A.C. 7:26G-5.1(a), subject to limited exceptions, a listed hazardous waste remains a hazardous waste.

27.     Subpart H of Part 266 sets forth standards governing hazardous waste burned in boilers and industrial furnaces.  Among other requirements, these regulations place restrictions on the storage and treatment of the hazardous waste prior to burning.  40 C.F.R. §§ 266.100 - 266.112 (1993), as incorporated by reference by NJAC 7:26G -10.1(a).

28.     Owners or operators that store or treat a hazardous waste that is or will be burned in a boiler or industrial furnace are subject to all applicable provisions of 40 C.F.R. Parts 264, 265 and 270.  These standards apply to storage and treatment facilities operated by intermediaries, including processors, blenders and distributors, between the generator and the burner.  40 C.F.R. § 266.101 (1993), as incorporated by reference by NJAC 7:26G -10.1(a),

## GENERAL ALLEGATIONS

### Casie/PER Facility

29.     The Casie/PER Facility constitutes a "facility" as that term is defined in 40 C.F.R. § 260.10 (1993), as incorporated by reference by NJAC 7:26G-4.1(a).

30.     Operations at the Casie/PER Facility include, but are not limited to storage, fuel blending, and other hazardous waste activities.

31.     Casie/PER is the "owner" of the Casie/PER Facility, within the meaning of 40 C.F.R. §

6

260.10 (1993), as incorporated by reference by NJAC 7:26G-4.1(a).

32.     Casie/PER is the "operator" of the Casie/PER Facility, within the meaning of 40 C.F.R. §

260.10 (1993), as incorporated by reference by NJAC 7:26G-4.1(a).

33.     In 1993, NJDEP and/or EPA issued Casie a RCRA permit authorizing it (or the current

permittee) to conduct certain hazardous waste activities at the facility herein referred to as the

Casie/PER Facility, including the "treatment" and "storage" of "hazardous waste" as those terms

are defined in RCRA Section 1004, 42 U.S.C. § 6903, and/or 40 C.F.R. § 260.10 (1993), as

incorporated by reference by NJAC 7:26G-4.1(a), at specified units subject to the conditions of

the permit.  This RCRA permit was reissued in 1997 and has been modified numerous times,

including in or about June 2005 and January 2010, and remains in effect (the "RCRA Permit").

34.     The RCRA Permit sets forth the terms and conditions authorizing the permittee's storage,

treatment and management of hazardous waste at the Casie/PER Facility.  Failure to comply with

the terms of the RCRA Permit subjects the permittee to an enforcement action under RCRA.

35.     As set forth in the RCRA Permit, Appendix I - Permit Requirements ¶1, the permittee's

failure to comply with the RCRA Permit constitutes a violation of the RCRA Permit, which is

grounds for an enforcement action under RCRA.

36.     As noted in the RCRA Permit, Scope of Permit, Page 2, its conditions are based on New

Jersey's hazardous waste regulations at N.J.A.C. 7:26G.  Because N.J.A.C. 7:26G incorporates,

with limited exception, the federal hazardous waste regulations, to avoid confusion, the RCRA

Permit cites federal (rather than state) regulations.  Allegations involving violations of the RCRA

Permit will similarly cite federal regulations.

## MART/PER's Facility

37.     The MART/PER Facility constitutes a "facility" as that term is defined in 40 C.F.R. §

260.10 (1993), as incorporated by reference by NJAC 7:26G-4.1(a).

38.     Operations at the MART/PER Facility include, but are not limited to, the "treatment"

and/or "storage" of "hazardous waste" as those terms are defined in RCRA Sections 1004, 42

U.S.C. § 6903, and/or 40 C.F.R. § 260.10 (1993), as incorporated by reference by NJAC 7:26G-

4.1(a).

39.     MART/PER is the "owner" of the MART/PER Facility, within the meaning of 40 C.F.R.

§ 260.10 (1993), as incorporated by reference by NJAC 7:26G-4.1(a).

40.     MART/PER is the "operator" of the MART/PER Facility, within the meaning of 40

C.F.R. § 260.10 (1993), as incorporated by reference by NJAC 7:26G-4.1(a).

41.     Neither MART nor PER ever obtained interim status or a RCRA Permit authorizing the

treatment or storage of hazardous waste at the MART/PER Facility.

## Hazardous Waste Activities Between the Casie/PER and MART/PER Facilities

42.     The RCRA Permit authorizes the Casie/PER Facility to accept specified hazardous

wastes for storage, transfer, and treatment.  These wastes include but are not limited to certain

listed hazardous waste streams generated by petroleum refineries and identified by listed

hazardous waste codes F037, F038, K048-K052, K169-K172.

43.     The Casie/PER Facility received shipments of the above referenced hazardous waste

streams from petroleum refineries.  These shipments were accompanied by generator prepared

hazardous waste manifests identifying the waste streams as including F037, F038, K048 - K052,

and/or K169-172.

44.     Waste codes F037, F038, K048-K052, K169-172 (hereafter identified as "F and/or K

8

Wastes") are listed hazardous wastes that are defined in 40 C.F.R. § 261.31 and § 261.32

(1993), respectively, as incorporated by reference by NJAC 7:26G -5.1(a), as follows:

| | |
|---|---|
| F037 | Petroleum refinery primary oil/water/solids separation sludge .... |
| F038 | Petroleum refinery secondary (emulsified) oil/water/solids separation sludge .... |
| K048 | Dissolved air flotation (DAF) float from the petroleum refining industry. |
| K049 | Slop oil emulsion solids from the petroleum refining industry. |
| K050 | Heat exchanger bundle cleaning sludge from the petroleum refining industry. |
| K051 | API separator sludge from the petroleum refining industry. |
| K052 | Tank bottoms (leaded) from the petroleum refining industry. |
| K169 | Crude oil storage tank sediment from petroleum refining operations. |
| K170 | Clarified slurry oil tank sediment and/or in-line filter/separation solids from petroleum refining operations. |
| K171 | Spent hydrotreating catalyst from petroleum refining operations .... |
| K172 | Spent hydrorefining catalyst from petroleum refining operations .... |

45.     As set forth at 40 C.F.R. Part 261, Appendix VII (1993), as incorporated by reference by

NJAC 7:26G -5.1(a), these above referenced F and K Wastes are listed as hazardous wastes

because they contain certain hazardous constituents including lead, hexavalent chromium,

chromium, benzene, and/or arsenic.

46.     Casie/PER transported, or offered for transport, the F and K Wastes to the MART/PER

Facility.  These Wastes were accompanied by a hazardous waste manifest.

47.     The F and K Wastes were placed into a centrifugal device (the "centrifuge" or "Solvent

Recovery System ("SRS") unit") at the MART/PER Facility, for the alleged purpose of reclaiming oil from the F and K Wastes.

48.     Pursuant to 40 C.F.R. § 261.6(a)(3)(iv)(c) (1993), as incorporated by reference by NJAC 7:26G -5.1(a), oil reclaimed from oil bearing hazardous waste from petroleum refineries, which is burned as a fuel and not reintroduced into the refinery process, remains a hazardous waste subject to regulation unless it meets all of the used oil fuel specifications set forth in 40 C.F.R. § 279.11.

49.     On numerous occasions, the oil which MART/PER allegedly reclaimed from the F and K Wastes through the use of the centrifuge did not meet, or was not tested for, the used oil fuel oil specifications set forth in 40 C.F.R. § 279.11.  Therefore, this allegedly reclaimed oil remained a F and K Waste, respectively, and subject to hazardous waste regulations.

50.     MART/PER transferred the allegedly reclaimed oil, hereafter again referred to as F and K Waste, from its centrifuge to Tank 416 within the MART/PER Facility.

51.     The F and K Waste was held in Tank 416 at the MART/PER Facility for a period of time, after which, MART/PER shipped, or arranged for shipment of, the F and K Waste to the Casie/PER Facility without an accompanying hazardous waste manifest.

52.     The F and K Waste was placed into Tank 8 at the Casie/PER Facility where it was accumulated for a temporary period of time.

53.     Casie/PER blended the F and K Waste with other material to produce a fuel.  This blending occurred in Tank 8 at the Casie/PER Facility.

54.     The blended F and K Waste referenced in the paragraph above is a hazardous waste fuel.

55.     Casie/PER sold the blended F and K Waste (hereinafter also referred to as "hazardous waste fuel") to third parties.

10

56.     Casie/PER did not prepare hazardous waste manifests for these shipments of the F and K

Waste off-site, nor was the blended F and K Waste identified as a hazardous waste.

57.     Hazardous waste may be burned as a fuel pursuant to the requirements set forth in

Subpart H of Part 266.  Subpart H places requirements on owners and operators of boilers or

industrial furnaces ("BIFs") that burn hazardous waste, including placing operational

requirements on the BIFs.  These requirements include burning standards, feed limits,

destruction standards, and emission limits.  These standards include feed and emission limits for

arsenic, lead and chromium which are constituents of F and K Wastes.

58.     Casie/PER sold the hazardous waste fuel to facilities that were not authorized to burn

hazardous waste and/or that failed to burn the hazardous waste fuel according to the operating

standards for burning hazardous waste.

<u>COUNTS</u>

COUNT I

<u>Casie/PER's Storage of Hazardous Waste in Violation of the RCRA Permit</u>

59.     The allegations in Paragraphs 1 through 58, above, are realleged and incorporated herein

as if fully set forth below.

60.     Paragraph 62 of the RCRA Permit requires the permittee to operate the Casie/PER

Facility pursuant to the regulations contained in 40 C.F.R. Parts 260 through 270 and the

conditions of the Permit.

61.     Paragraph 96 of the RCRA Permit restricts the storage of hazardous waste at the

Casie/PER Facility to Tank 9.

62.     Neither Paragraph 96 nor any other provision of the Permit authorizes the storage of

hazardous waste in Tank 8 at the Casie/PER Facility.

11

63.     "Storage" of hazardous waste is defined in 40 C.F.R. § 260.10 as the "holding of
hazardous waste for a temporary period, at the end of which hazardous waste is treated, disposed
of, or stored elsewhere."

64.     The Casie/PER Facility received F and K Wastes from the MART/PER Facility. The F
and K hazardous waste was placed in Tank 8 at the Casie/PER Facility for a temporary period of
time prior to blending it further with other material.  This activity constitutes hazardous waste
"storage," within the meaning of 40 C.F.R. § 260.10.

65.     Casie/PER's storage of hazardous waste in Tank 8 constitutes a violation of Paragraphs
62 and 96 of the RCRA Permit.

66.     Pursuant to RCRA Section 3008, 42 U.S.C. § 6928, each day of Casie/PER's
unauthorized storage of hazardous waste in Tank 8 at the Casie/PER Facility in violation of
Paragraphs 62 and 96 of the RCRA Permit subjects PER to injunctive relief and civil penalties.

**COUNT II**

**Casie/PER's Treatment of Hazardous Waste in Violation of the RCRA Permit**

67.     The allegations in Paragraphs 1 through 66, above, are realleged and incorporated herein
as if fully set forth below.

68.     Paragraph 62 of the RCRA Permit requires operation of the Casie/PER Facility pursuant
to the regulations contained in 40 C.F.R. Parts 260 through 270 and the conditions of the Permit.

69.     Paragraph 76 of the RCRA Permit limits the treatment of hazardous waste to certain
containers and locations.

70.     Neither Paragraph 76 nor any other provision of the Permit authorizes the treatment of
hazardous waste in Tank 8.

71.     "Treatment" of hazardous waste is defined in 40 C.F.R. § 260.10 to include any "method,

12

technique or process ... designed to change the physical, chemical or biological character or composition of any hazardous waste, ... or so as to recover energy or material resources from the waste."

72.     Casie/PER received F and K Wastes from the MART/PER Facility.  The F and K hazardous waste was placed in Tank 8 at the Casie/PER Facility.  This hazardous waste was blended in Tank 8 with other material and by doing so its physical, chemical or biological character or composition was changed.  This activity constitutes hazardous waste "treatment" in Tank 8, within the meaning of 40 C.F.R. § 260.10.

73.     Casie/PER's treatment of hazardous waste in Tank 8 at the Casie/PER Facility constitutes a violation of Paragraphs 62 and 76 of the RCRA Permit.

74.     Pursuant to RCRA Section 3008, 42 U.S.C. § 6928, each day of Casie/PER's unauthorized treatment of hazardous waste in violation of Paragraphs 62 and 76 of the RCRA Permit subjects PER to injunctive relief and civil penalties.

## COUNT III

### Casie /PER's
### Failure to Prepare a Hazardous Waste Manifest for Shipments of Hazardous Waste

75.     The allegations in Paragraphs 1 through 74, above, are realleged and incorporated herein as if fully set forth below.

76.     Paragraph 62 of the RCRA Permit requires operations of the Casie/PER Facility "in accordance with all regulations contained in 40 C.F.R. Parts 260 through 270."

77.     Forty C.F.R. § 266.101(c) requires owners and operators of permitted storage and treatment facilities, including those operated by blenders and processors, to comply with the applicable provisions set forth in 40 C.F.R. Part 264.

13

78.     Forty C.F.R. § 264.71(c) requires that all owners and operators of facilities initiating shipments of hazardous waste comply with the manifest requirements set forth in 40 C.F.R. Part 262.

79.     Forty C.F.R. § 262.20 requires that manifests be prepared for the transport of all hazardous waste off-site.

80.     Casie/PER sent shipments of F and K Wastes off-site without preparing hazardous waste manifests for any of these shipments.

81.     Each failure by Casie/PER to prepare a hazardous waste manifest for each off-site shipment of F and K Waste from the Casie/PER Facility constitutes a violation of Paragraph 62 of the RCRA Permit.

82.     Pursuant to RCRA Section 3008, 42 U.S.C. § 6928, each failure by Casie/PER to prepare a hazardous waste manifest in violation of Paragraph 62 of the RCRA Permit subjects PER to injunctive relief and civil penalties.

## COUNT IV

### MART/PER's Storage of Hazardous Waste Without Interim Status or a Permit

83.     The allegations in Paragraphs 1 through 82, above, are realleged and incorporated herein as if fully set forth below.

84.     Subject to limited exceptions not applicable here, pursuant to Section 3005 of RCRA, 42 U.S.C. § 6925 and 40 C.F.R. § 270.1(c) (1993), as incorporated by reference by NJAC 7:26G-12.1(a), interim status or a RCRA permit is required for the "storage" of hazardous waste.

85.     "Storage" of hazardous waste is defined in 40 C.F.R. § 260.10 (1993), as incorporated by reference by NJAC 7:26G-4.1(a), as the "holding of hazardous waste for a temporary period, at the end of which hazardous waste is treated, disposed of, or stored elsewhere."

14

86.     Hazardous waste (F and K Wastes) were "stored" at the MART/PER Facility, within the meaning of 40 C.F.R. § 260.10 (1993), as incorporated by reference by NJAC 7:26G-4.1(a), in Tank 416 prior to transfer to the Casie/PER Facility for further storage and/or treatment.

87.     The MART/PER Facility never obtained interim status or a RCRA permit authorizing the storage of hazardous waste at the MART/PER Facility.

88.     The storage of hazardous waste, namely F and K Waste, at the MART/PER Facility in Tank 416 without interim status or a RCRA permit is a violation of Section 3005 of RCRA, 42 U.S.C. § 6925, and 40 C.F.R. § 270.1 (1993), as incorporated by NJAC 7:26G-12.1(a).

89.     Pursuant to RCRA Section 3008, 42 U.S.C. § 6928, each day of MART/PER's storage of hazardous waste without interim status or a permit subjects PER to injunctive relief and civil penalties.

### COUNT V

### MART/PER's Treatment of Hazardous Waste Without Interim Status or a Permit

90.     The allegations in Paragraphs 1 through 89, above, are realleged and incorporated herein as if fully set forth below.

91.     Subject to limited exceptions not applicable here, pursuant to Section 3005 of RCRA, 42 U.S.C. § 6925 and 40 C.F.R. § 270.1(c) (1993), as incorporated by reference by NJAC 7:26G-12.1(a), interim status or a RCRA permit is required for the "treatment" of hazardous waste.

92.     Pursuant to 40 C.F.R. § 261.6(a)(2)(ii) (1993), as incorporated by reference by NJAC7:26G -5.1(a), hazardous waste burned for energy recovery in boilers and industrial furnaces is regulated under 40 C.F.R. Part 266.

93.     Forty C.F.R. § 266.101(c) (1993), as incorporated by reference by NJAC 7:26G -10.1(a), requires owners and operators of facilities that treat hazardous waste, including those facilities

operated by blenders and processors, to comply with the applicable provisions set forth in 40 C.F.R. Parts 264, 265 and 270.

94.     "Treatment" of hazardous waste is defined in 40 C.F.R. § 260.10 (1993), as incorporated by reference by NJAC 7:26G - 4.1(a), to include "any method, technique or process ... designed to change the physical, chemical or biological character or composition of any hazardous waste, ... or so as to recover energy or material resources from the waste."

95.     The SRS unit at the MART/PER Facility employs a centrifugal process to recover oil, a material resource, from the F and K Waste.  This recovery process constitutes "treatment" within the meaning of 40 C.F.R. § 260.10 (1993), as incorporated by reference by NJAC 7:26G - 4.1(a).

96.     The MART/PER Facility never obtained interim status or a RCRA permit authorizing the treatment of hazardous waste at the Facility.

97.     Each day of MART/PER's treatment of the hazardous waste, namely F and K Waste, in the SRS unit at the MART/PER Facility without interim status or a RCRA permit is a violation of Section 3005 of RCRA, 42 U.S.C. § 6925 and 40 C.F.R. § 270.1(c) (1993), as incorporated by reference by NJAC 7:26G-12.1(a).

98.     Pursuant to RCRA Section 3008, 42 U.S.C. § 6928, each day of MART/PER's treatment of hazardous waste without interim status or a RCRA permit subjects PER to injunctive relief and civil penalties.

## COUNT VI

### MART/PER's
### Failure to Prepare a Hazardous Waste Manifest for Shipments of Hazardous Waste

99.     The allegations in Paragraphs 1 through 98, above, are realleged and incorporated herein as if fully set forth below.

16

100.    The regulatory standards for permitted TSD facilities and/or for facilities that came into existence after November 19, 1980 are set forth in 40 C.F.R. Part 264. 40 C.F.R. § 264.1 (1993), as incorporated by reference by NJAC 7:26G-8.1(a).

101.    Forty C.F.R. § 264.71(c) (1993), as incorporated by reference by NJAC 7:26G-8.1(a), requires that all owners and operators of facilities initiating shipments of hazardous waste comply with the manifest requirements set forth in 40 C.F.R. Part 262.

102.    Forty C.F.R. § 262.20(1993), as incorporated by reference by NJAC 7:26G-6.1(a), requires that hazardous waste manifests be prepared for the transport of each shipment of hazardous waste off-site.

103.    MART/PER did not prepare hazardous waste manifests for over 450 shipments, totaling over 1,970,000 gallons, of F and K Wastes from the MART/PER Facility to the Casie/PER Facility.

104.    Each failure by MART/PER to prepare a manifest for each shipment of hazardous waste from the MART/PER Facility to the Casie/PER Facility constitutes a violation of 40 C.F.R. § 262.20 (1993), as incorporated by reference by NJAC 7:26G-6.1(a).

105.    Pursuant to RCRA Section 3008, 42 U.S.C. § 6928, each failure by MART/PER to prepare a hazardous waste manifest for shipments off-site in violation of 40 C.F.R. § 262.20 (1993), as incorporated by reference by NJAC 7:26G-6.1(a), subjects PER to injunctive relief and civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court grant the following relief:

17

1.      Permanently enjoin PER from further violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, *et seq.,* and its implementing regulations and/or the federally authorized New Jersey hazardous waste regulations, and/or of any NJDEP and/or EPA Hazardous Waste Permit(s) issued pursuant to any of these authorities.

2.      Order PER to promptly take all steps necessary or appropriate to comply with the foregoing laws, regulations, and permits at the MART/PER and Casie/PER Facilities.

3.      Enter a judgment assessing civil penalties against PER not to exceed $32,500 per day for each such violation occurring on or after March 16, 2004 through January 11, 2009; and not to exceed $37,500 per day (unless otherwise permitted by statute or regulation) for each such violation occurring on or after January 12, 2009.

4.      Award such other relief as this Court may deem just and proper.

Respectfully submitted,

Ignacia S. Moreno
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*C. A. Fiske*

Catherine Adams Fiske
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
One Gateway Center - Suite 616
Newton, MA 02458
(617) 450-0444

18

OF COUNSEL:
Amy R. Chester
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway
New York, New York 10007-1866

19

JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Catherine Adams Fiske, United States Department of Justice
Environmental Enforcement Section
One Gateway Center - Suite 616
Newton, MA 02458 tel: 617 450 0444;email: addie.fiske@usdoj.gov

## DEFENDANTS

Pure Earth Recycling, Inc.

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

Anthony Riatano, Herold Law, tel: 908 647 1022; email:
ariatano@Heroldlaw.com

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [X] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Resource Conservation & Recovery Act ("RCRA"), 42 U.S.C. 6928
Brief description of cause:
Failure to comply with RCRA in management of hazardous waste from petroleum refineries.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____      DOCKET NUMBER _____

Explanation: _____

DATE  1/10/2011

SIGNATURE OF ATTORNEY OF RECORD  *C. A. Fiske*